UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANDRE COLE, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV131 CDP |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER AND MEMORANDUM

On September 22, 2008, I denied the petition for writ of habeas corpus filed in this death penalty case. Petitioner thereafter filed a Motion to Alter or Amend the Judgment under Rule 59(e), Fed. R. Civ. P. I can easily deny the motion to the extent it takes issue with my rejection of the challenge to the prosecutor's penalty phase closing argument, and I see no need to discuss that argument, but will simply deny the motion on that point.

The arguments based on *Batson v. Kentucky*, 476 U.S. 79 (1986) and its progeny, however, are more difficult. I have carefully considered the arguments raised by petitioner in the motion, and have reconsidered the reasoning in my earlier order. Although I continue to believe that this is a close question, I also continue to believe that the Missouri court's findings of no *Batson* violation are not contrary to federal law, and so I will deny the motion to reconsider in that

regard as well.

Petitioner argues that under recent court interpretations of *Batson*, a writ of habeas corpus must be granted wherever the trial judge failed to use specific words stating his or her "ultimate" finding that the prosecutor had not engaged in unlawful racial discrimination in jury selection. Here the judge denied the *Batson* challenge by saying, "I find that the State's reasons for striking Mr. Chambers . . . are race neutral reasons. Not done for the purpose of biasness on the part of his race." Petitioner argues that this shows the trial judge failed to make a finding on the ultimate issue at all. As I stated in my earlier opinion, the trial record here is disappointingly lacking in detail on the *Batson* issue, but I cannot conclude that it is constitutionally insufficient. I believe that by this statement the trial judge made the finding required under *Batson*, and I believe that I must defer to that finding because it is not contrary to or an unreasonable application of clearly established federal law.

In *Smulls v. Roper*, 535 F.3d 853 (8th Cir. 2008), the Court of Appeals pointed out that "federal law has never required explicit fact-findings following a *Batson* challenge." 535 F.3d at 860. "A trial court's ruling on a *Batson* challenge is itself a factual determination, and we have repeatedly upheld rulings made without additional reasoning." *Id.*

Petitioner has presented nothing that convinces me my previous ruling was in error. I granted a certificate of appealability on this issue because I believe that reasonable jurists might differ on it, but I continue to believe my earlier analysis was correct.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Alter or Amend Judgment [#60] filed by petitioner Andre Cole is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2008.